DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1917.

---

### Royal L. Hamman, Administrator, Appellee, v. Illinois Central Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Royal L. Hamman, administrator of the estate of Philip H. Hamman, deceased, plaintiff, against the Illinois Central Railroad Company, defendant, to recover damages for the death of plaintiff's intestate caused by being struck by defendant's train. From a judgment for plaintiff for $4,000, defendant appeals.

KRAMER, KRAMER & CAMPBELL, for appellant; JOHN G. DRENNAN, of counsel.

SILAS COOK and LOUIS BEASLEY, for appellee.

(80)

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 695*—*when declaration in action for death of person at crossing is sufficient.* Declaration alleging that defendant "so carelessly and improperly drove and managed the said locomotive engine and train that by and through the negligent and improper conduct of the defendant * * * the said locomotive engine was then and there pushing said train of cars back in front of said locomotive engine * * *, and did not have any flagman at said crossing· or any switchman or brakeman on the front car of said train," etc., *held* to unite several elements as constituting the negligence charged as improperly and carelessly driving and managing the engine and train, and sufficient to sustain a judgment, especially after verdict, in an action to recover for the death of plaintiff's intestate caused by such negligence charged.

2. RAILROADS, § 733*—*when evidence is sufficient to show negligence in operation of train over crossing.* Evidence *held* to sustain the charge of defendant's negligence in running its train with the engine in the rear and with no brakeman upon the rear car or watchman at the crossing where plaintiff's intestate was struck to guard against possible accidents, notwithstanding there is no law specifically requiring a brakeman or watchman to be so placed.

3. RAILROADS, § 709*—*when failure to place brakeman on rear car and watchman at crossing considered as bearing on negligence.* That there was no brakeman upon the rear car of a train run with the engine in the rear and no watchman at the crossing where plaintiff's intestate was struck by such train, *held* to be facts to be considered by the jury with all the other evidence in determining whether or not, under the circumstances, the engine and cars were driven negligently and carelessly as charged, notwithstanding there may be no law specifically requiring a brakeman and watchman to be so placed.

4. RAILROADS, § 783*—*when finding as to ringing of bell on engine not disturbed.* Where there was sharp conflict of testimony with reference to the ringing of the bell on defendant's engine at the time of a railroad crossing accident, *held* that the finding of the jury would not be disturbed.

5. RAILROADS, § 752*—*when contributory negligence of person killed at crossing is question for jury.* Whether a deceased who was struck and killed at a crossing by defendant's railroad train,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hamman v. Illinois Central R. Co., 206 Ill. App. 80.

which was so elevated that he could by looking have seen the train approaching and avoided the danger, was contributorily negligent in not looking, *held* to be a question for the jury.

6. APPEAL AND ERROR, § 1652*—*when erroneous instruction on contributory negligence is cured by other instructions.* An instruction limiting the exercise by the deceased, who was struck and killed by defendant's railroad train, of the degree of care which an ordinarily prudent person would have exercised under like circumstances prior to the time of the injury, *held,* if erroneous as omitting the time immediately prior to the injury, to be cured by other instructions including such prior time.

7. DEATH, § 73*—*when instruction on measure of damages is proper.* An instruction that the jury should "assess the plaintiff's damages at such sum as you believe from the evidence the widow and next of kin have sustained by reason of the death of said deceased, if any," in an action to recover damages for pecuniary loss to the widow or next of kin by reason of such death, *held* proper.

8. RAILROADS, § 772*—*when instruction on negligence is properly refused as invading province of jury.* Refusal to give an instruction that, as a matter of law, there was no duty on defendant railroad company to have a switchman or brakeman on the front car of a train which was being pushed by an engine at its rear while approaching a public crossing, *held* not erroneous, as the question was one of fact for the jury.

9. EVIDENCE, § 249*—*when book of ordinances is admissible.* A book of city ordinances printed by authority of the city council, *held* admissible in evidence under the statute.

10. DEATH, § 67*—*when verdict is not excessive.* Judgment for $4,000 for death, *held* not excessive as damages recoverable by the widow and three children of the deceased dependent upon him for support, where he was receiving wages of $2.50 to $3 a day and worked most of the time, and on two trials each jury rendered a verdict for that amount approved by the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.